# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIDRA VAZQUEZ VICTORIA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>JANET NAPOLITANO, Secretary of Homeland Security, et. al.,<br><br>　　　　　　Defendants. | CASE NO. 12cv1827-GPC(MDD)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT**<br><br>[Dkt. Nos. 19, 20.] |

On March 22, 2013, Defendants filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Dkt. No. 19.) On April 5, 2013, Plaintiff filed a cross motion for summary judgment and an opposition to Defendants' motion for summary judgment. (Dkt. Nos. 20, 21.) On April 18, 2013, Defendants filed an opposition to Plaintiff's cross-motion for summary judgment and reply in support of Defendants' motion for summary judgment. (Dkt. No. 22.) On May 2, 2013, Plaintiff filed a reply in support of her motion for summary judgment. (Dkt. No. 23.) The motions are submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1). After a review of the briefs, supporting documentation, and applicable law, the Court GRANTS Defendants' motion for summary judgment and DENIES Plaintiff's cross motion for summary judgment.

**Background**

The factual facts are undisputed and are derived from Defendants' Statement of Undisputed Facts. (Dkt. No. 19-1, Ds' Statement of Undisputed Facts.) Plaintiff Isidra Vazquez-Victoria is a citizen and national of Mexico. On July 29, 2011, the government served her with a Notice to Appear ("NTA") and placed her in removal proceedings. The NTA charges that Vazquez is removable because she entered the United States without having been admitted and inspected by an immigration officer. On October 11, 2011, Vazquez's attorney sent a letter to the Office of Chief Counsel at U.S. Immigration and Customs Enforcement ("ICE") requesting that ICE exercise its prosecutorial discretion under the June 17, 2011 memorandum issued by ICE Director John Morton entitled Exercising Prosecutorial Discretion Consistent with the Civil Immigration Enforcement Priorities of the Agency for the Apprehension, Detention, and Removal of Aliens. Specifically, Vazquez's attorney requested cancellation of the notice to appear.

ICE agreed to the request, and provided Vazquez's attorney with a Joint Motion to Dismiss without Prejudice as a Matter of ICE's Prosecutorial Discretion. In the motion, the parties requested that the immigration court dismiss the proceedings against Vasquez as a matter of prosecutorial discretion. Vazquez's attorney filed the joint motion on October 20, 2011. On October 31, 2011, an immigration judge entered an order terminating Vazquez's removal proceedings without prejudice in light of the joint motion for prosecutorial discretion.

On November 21, 2011, Vazquez filed a Form I-765, Application for Employment Authorization, requesting permission to accept employment in the United States. In her application, Vazquez claimed that she was eligible under 8 C.F.R. § 274a.12(c)(14). On February 14, 2012, U.S. Citizenship and Immigration Services ("USCIS") sent a Request for Initial/Additional Evidence ("RFE") to Vazquez's attorney, requesting documentation that either ICE or USCIS had placed Vazquez on deferred action status. The RFE also requested evidence of Vazquez's economic

necessity for employment authorization. Responding to the RFE, Vazquez sent a copy of the immigration judge's order granting the joint motion to dismiss the proceedings. In her response, Vazquez argued that the immigration judge's order terminating proceedings based on the joint motion qualified as deferred action under 8 C.F.R. § 274a.12(c)(14). Accordingly, Vazquez argued that she was eligible for employment authorization. Id. USCIS denied Vazquez's application on May 21, 2012, because she failed to establish that she was eligible under 8 C.F.R. § 274a.12(a) or (c). Specifically, USCIS denied Vazquez's application because the materials that she submitted in response to the RFE did not establish that she was in deferred action status.

On July 24, 2012, Vazquez filed this lawsuit against Janet Napolitano, Secretary of the Department of Homeland Security; Emilio T. Gonzalez, Director of U.S. Citizenship and Immigration Services ("USCIS"); and Robert Cowan, Director of USCIS National Benefits Center alleging a violation of 8 C.F.R. § 274a.12(c)(14); violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 702; and a writ of mandamus compelling Defendants to reopen Vazquez's employment authorization application on the ground that it was improperly denied on the basis that Vazquez failed to provide evidence that she had been placed in deferred action status and seeking the court to exercise its discretion to adjudicate her application for employment authorization. (Dkt. No. 1, Pet. at 6-7.)

## Discussion

The cross motions for summary judgment concern the legal issue of what constitutes "deferred action" as set forth in 8 C.F.R. § 274a.12(c)(14). That provision provides:

> (c) Aliens who must apply for employment authorization. An alien within a class of aliens described in this section must apply for work authorization. If authorized, such an alien may accept employment subject to any restrictions stated in the regulations or cited on the employment authorization document. USCIS, in its discretion, may establish a specific validity period for an employment authorization document, which may include any period when an administrative appeal or judicial review of an application or petition is pending.
> . . .
> (14) An alien who has been granted deferred action, an act of

> administrative convenience to the government which gives some cases lower priority, if the alien establishes an economic necessity for employment.

8 C.F.R. § 274a.12(c)(14).

Deferred action is not provided in any statute or regulation but found in the agency's Operations Instructions § 103.1(a)(1)(ii). Matter of Quintero, 18 I. & N. Dec. 348, 349 (Nov. 16, 1982). Deferred action is an "informal administrative stay of deportation which is granted only where the District Director, with the Regional Commissioner's approval, finds it to be warranted." Id. It is the "result of an administrative policy to give low priority to the enforcement of the immigration laws in certain cases [and] . . . the prosecutorial discretion exercised in granting deferred action status is committed exclusively to the Service enforcement officials." Id. at 350 (citations omitted). Therefore, neither the immigration judge nor the Board can grant deferred action or review a decision of the District Director to deny it. Id.

> 'Deferred action' refers to an exercise of administrative discretion by the INS district director under which the INS takes no action "to proceed against an apparently deportable alien" based on a prescribed set of factors generally related to humanitarian grounds. 6 C. Gordon, S. Mailman, & S. Yale-Loehr, Immigration Law and Procedure §§ 72.03 [2][a] & [2][h] (1998). The INS may "decline to institute proceedings, terminate proceedings, or decline to execute a final order of deportation." Id. 'A case may be selected for deferred action treatment at any stage of the administrative process.' Id.

Barahona-Gomez v. Reno, 236 F.3d 1115, 1119 n.3 (9th Cir. 2001); see also Matter of Quintero, 18 I.& N. Dec. 348 (noting that deferred action status, giving a person permission to remain in the United States indefinitely, is a matter of prosecutorial discretion.) A request for deferred action status must be made to the DHS. See id.

In addition, the decision whether an alien's application for employment authorization under 8 C.F.R. § 274a.12(c) is within the sound discretion of the director of the USCIS. See Chaganti v. Chertoff, No. 08 C 5768, 2008 WL 4663153, at *2 (N.D. Ill. 2008) (court lacked subject matter jurisdiction to speed up the pace at which the USCIS approved their renewal applications). "Congress stripped the federal courts of their jurisdiction to intrude upon and to review decisions made by a delegate of the

Attorney General pursuant to § 274a.12(c)." Id.

Plaintiff argues that USCIS's denial of Plaintiff's application for employment authorization (Form I-765) is based on the legally erroneous ground that dismissal of deportation proceedings did not constitute deferred action under 8 C.F.R. § 274a.12(c)(14). She contends that the prosecutorial discretion by ICE on October 20, 2011 to dismiss Plaintiff's deportation proceedings and to continue exercising that discretion not to seek Plaintiff's removal from the United States constitutes deferred action under 8 C.F.R. § 274a.12(c)(14). Defendants contend that they never provided Plaintiff with deferred action, and therefore, she is ineligible for employment authorization under 8 C.F.R. § 274a.12(c)(14). They assert that Plaintiff sought cancellation of the notice to appear proceedings under the exercise of prosecutorial discretion under 8 C.F.R. § 1239.2(c), not deferred action under 8 C.F.R. § 274a.12(c)(14).

In this case, Plaintiff sought a request for prosecutorial discretion on October 11, 2011. (Dkt. No. 20-4; Malek Decl., Ex. G at 3.) In that request, Plaintiff sought a favorable exercise of prosecutorial discretion pursuant to a memorandum issued by the Director concerning "Exercising Prosecutorial Discretion Consistent with the Civil Immigration Enforcement Priorities of the Agency for the Apprehension, Detention, and Removal of Aliens" dated June 17, 2011. (Dkt. No. 1 at 27.) The memo stated that the term "prosecutorial discretion" applied to a wide range of discretionary enforcement decisions such as cancellation of a notice to appear and granting deferred action. (Id. at 28-29.) Specifically, Plaintiff sought the exercise of prosecutorial discretion of cancellation of the notice to appear, not deferred action. (Dkt. No. 20-4 at 4.) In October, the parties filed a joint motion requesting that the immigration judge grant the joint motion to dismiss without prejudice. (Dkt. No. 20-4 at 7-8.) The joint motion sought dismissal on the basis of prosecutorial discretion and also pursuant to 8 C.F.R. § 1239.2(c). (Id.) On October 31, 2011, the immigration judge issued an order dismissing the proceedings without prejudice. (Dkt. No. 1 at 20.)

Although Defendants exercised their discretion and granted the request for prosecutorial discretion, Plaintiff never made a request for deferred action pursuant to 8 C.F.R. § 274a.12(c)(14). Plaintiff argues that prosecutorial discretion is akin to deferred action because they both have the same underlying policy. Therefore, while Plaintiff admits she never sought deferred action, she argues that what happened in Plaintiff's situation falls within the policy behind 8 C.F.R. § 274a.12(c)(14). According to Plaintiff, the government exercised its prosecutorial discretion and deferred further action in immigration court against Petitioner as a matter of administrative convenience.

While Plaintiff's argument is persuasive, the regulation specifically states that an alien who has been granted deferred action may apply for employment authorization under 8 C.F.R. § 274a.12(c)(14) if the alien also establishes an economic necessity. Here, Plaintiff did not make a request for deferred status to DHS and never obtained it. Therefore, her claims fail.

**Conclusion**

Based on the above, the Court GRANTS Defendants' motion for summary judgment on all causes of action and DENIES Plaintiff's cross motion for summary judgment. The Clerk of Court shall close the case.

IT IS SO ORDERED.

DATED: July 15, 2013

HON. GONZALO P. CURIEL
United States District Judge